# CANAL BOAT "COL. MULLIGAN"

## *v.*

## JOHN H. BUCK.

ATTACHMENT OF BOATS AND VESSELS, *under act of* 1857—*requisites of the affidavit.* In a proceeding by attachment against a boat, under the act of 1857, for supplies alleged to have been furnished the same, the affidavit, in attempting to set forth the cause of action, alleged that at the time of filing the same the boat was engaged in navigating the waters within this State, and that the supplies were furnished nine months previously, but failed to allege that the boat was engaged in navigating those waters at the time the supplies were furnished: *Held*, the affidavit was insufficient, as it did not show on its face a case within the act, and that is essential to give the court jurisdiction.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

The opinion states the case.

Mr. G. S. ELDRIDGE and Mr. D. L. HOUGH, for the appellant.

Messrs. BULL & FOLLETT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding commenced by attachment, in the LaSalle circuit court, against the canal boat "Col. Mulligan," to subject her to the claim of appellee, John H. Buck, for supplies alleged to have been furnished by him at the request of the master of the boat.

The affidavit on which the proceeding was based, was as follows:

"John H. Buck, being first duly sworn, on oath says that the canal boat 'Col. Mulligan' is a vessel or water craft navigating the navigable waters and rivers within and bordering upon the State of Illinois; that within nine months next preceding the making of this affidavit, at the request of the master of said canal boat, he, in his capacity of tradesman, furnished said canal boat supplies and materials to be used in the fitting, furnishing and equipping said canal boat, amounting in value to the sum of $103.64. Affiant further states that said boat is now justly indebted to him in the sum of $103.64 for such supplies and materials furnished by him as aforesaid, for fitting, furnishing and equipping said canal boat. He therefore prays for a warrant of seizure or a writ of attachment, pursuant to the statute in such case made and provided."

The defendant moved to dismiss the cause, for the reason, that it did not appear from the affidavit that the court had jurisdiction, but the motion was overruled, and exception taken. It is to this point, only, we have directed our attention.

The affidavit was made and filed on the tenth of November, 1865. It was said in the case of *Williamson* v. *Hogan*, 46 Ill. 504, that a party seeking the aid of the act of 1857 must show himself clearly within its terms and spirit, as nothing will be presumed in that direction in his favor. In the case of the *Schooner Norway* v. *Jensen*, 52 Ill. 373, it was held, the affidavit

must show on its face a case within the act of 1857,—it was that which gave jurisdiction to the court.

The act of 1857 is clearly designed, among other things, to give a summary remedy to those who should, by contract, furnish supplies to a boat or water craft navigating the waters within the jurisdiction of this State at the time such supplies were furnished, and the affidavit should so allege. *Non constat*, from this affidavit, that this boat was so employed when the supplies were furnished. The statement is, that at the time of filing the affidavit, November 10, 1865, she was navigating those waters. The supplies were furnished her nine months previously, and there is no averment she was then employed in navigating the waters within the jurisdiction of this State. The affidavit was not sufficient to give the court jurisdiction, and the motion to dismiss should have been allowed. Refusing the motion was error, and for the error the judgment must be reversed and the cause remanded.

*Judgment reversed.*